Mathew K. Higbee, Esq.
IL Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
NATASCHA LINDEMANN

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATASCHA LINDEMANN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SKINCLINICAL AI, LLC d/b/a ACNE INTELLIGENCE and DOES 1 through 10 inclusive,<br><br>　　　　　　　Defendants. | Case No. **1:24-cv-4799**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NATASCHA LINDEMANN, by and through her undersigned counsel, brings this Complaint against Defendant SKINCLINICAL AI, LLC d/b/a ACNE INTELLIGENCE and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

### PARTIES

1.　Plaintiff, NATASCHA LINDEMANN ("Lindemann"), is an individual and professional photographer by trade.

1

2. Defendant, SKINCLINICAL AI, LLC d/b/a ACNE INTELLIGENCE ("Skinclinical" or "Defendant") is a corporation duly organized and existing under the laws of the State of Delaware and maintaining a principle place of business at 2000 N. Racine Avenue, Suite 3100, Chicago IL 60614.

3. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of Illinois and the Defendant transacts business in the state of Illinois.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which the Defendant resides; a substantial part of the acts and omissions giving rise to the claims occurred, or a substantial part of property that is the subject of this action is situated in this judicial district, and/or this civil action arises under the Copyright Act of the United States and Defendant and it's agents can be found in this judicial district.

## FACTUAL ALLEGATIONS

*Plaintiff Natascha Lindemann*

2

7. Natascha Lindemann is a successful beauty and beauty product photographer whose Instagram page, which features her work, has amassed over 147,000 followers.

8. Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics and her work has been featured in *Women's Health Magazine, Harper's Bazaar Magazine*, and *Cosmopolitan*.

9. Lindemann' livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Tamara Lindemann's work deters would-be infringers from copying and profiting from her work without permission.

10. Lindemann is the sole author and exclusive rights holder to a close-up photograph of the lower half of a models face, with a creamy skincare product on her cheek and chin (the "Skincare Photograph").

11. Attached hereto as Exhibit A is a true and correct copy of the Skincare Photograph.

12. Lindemann registered the Skincare Photograph with the United States Copyright Office under Registration Number VA 2-305-168 with an Effective Date of Registration of June 2, 2022.

13. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate for the Skincare Photograph.

14. On information and belief, Skinclinical is a skincare brand offering products to assist in the care and healing of acne.

15. Skinclinical manages, operates, and controls the Instagram account @acneintelligence ("Defendant's Instagram account").

16. On information and belief, Defendant's Instagram Account generates content in order to promote Defendant(s)' products, attract social media followers and user traffic to the Defendant's main webpage, and generate profit and revenue for the company and its owner(s).

17. On or about October 19, 2023, Lindemann discovered her Skincare Photograph copied and published on Defendant's Instagram Page with the caption "Moisturizer! Keeping the skin hydrated is crucial for acne treatment. Acne Intelligence uses the most innovative technologies in skincare to deliver moisture in a lightweight and easy-absorbing product. Check out our Moisture, Moisture Extreme, and SPF with Moisture on our website"" ("Infringing Post")

18. Attached hereto as Exhibit C are true and correct screenshots from Defendant's Instagram Account showing the Infringing Post.

19. Lindemann has never at any point granted Skinclinical a license or other permission to copy, display, distribute, or otherwise use the Skincare Photograph on Defendant's Instagram Account or any other platform.

20. Skinclinical, including its employees, agents, contractors, or others over whom it has responsibility and control, copied and uploaded the Skincare Photograph to Defendant's Instagram Account without Lindemann's consent or authorization.

21. Soon after discovering the Defendant's infringement of her Skincare Photograph, Lindemann, through counsel, reached out to Defenant to have the Skincare Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

22. Lindemann has never at any point given Skinclinical a license or other permission to display, copy, distribute or otherwise use the Skincare Photograph in the Infringing Posts on Defendant's Instagram Account or on any other website or platform.

23. Skinclinical (including its employees, agents, contractors or others over whom it has responsibility and control) copied and uploaded the Skincare Photograph to Defendant's Instagram Account without Lindemann's consent.

24. On information and belief, Defendant's use of the Skincare Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Skincare Photograph on Defendant's Instagram Account or in any other way.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

25. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Skincare Photograph.

27. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Skincare Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the Infringing Posts and failing to remove the Skincare Photograph when notified of the misuse.

28. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

31. Defendant(s)—including its employees, agents, contractors or others over whom it has responsibility and control—copied and uploaded the Skincare Photograph to Defendant's Instagram Account without Lindemann's consent or authorization.

32. Skinclinical (including its employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Skincare Photograph onto Defendant's Instagram Account because Skinclinical knew it did not have

permission to use the Skincare Photograph.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Skincare Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: June 10, 2024         Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

6

# DEMAND FOR JURY TRIAL

Plaintiff Lindemann hereby demands a trial by jury in the above matter.

Dated: June 10, 2024

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Bar No. 6319929
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200,
N Las Vegas, NV, 89032
(714) 617-8373
(714) 597-6559 facsimile
*Counsel for Plaintiff*

7